UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-006-KKC

UNITED STATES OF AMERICA,                                                         PLAINTIFF

v.                                           **OPINION AND ORDER**

JAMES JOHNATHAN ROGERS,                                                       DEFENDANT.

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

This matter is before the Court on the Motion to Suppress (DE 13) filed by the Defendant.

The Defendant argues that his indictment is based solely on an investigation conducted by the Kentucky Attorney General's office and that the Kentucky Attorney General's office was prohibited by Kentucky state statutes and Kentucky state case law from conducting that investigation. He argues that, because the state Attorney General had no jurisdiction to conduct the investigation, all of the evidence seized by the Kentucky Attorney General's office during its investigation of him must be suppressed.

In resolving this motion, the Court has assumed the facts set forth by the Defendant are true. Further, the motion raises only a legal issue. Accordingly, no hearing is necessary and the Court will resolve the motion on the parties' briefs. For the following reasons, the motion will be DENIED.

The Defendant is charged with receiving and possessing images of a minor engaging in sexually explicit conduct. According to the Defendant, this matter began with an

investigation by Detective Thomas Bell of the Kentucky Attorney General's office. Using software specially designed for law enforcement personnel, Detective Bell identified an IP address offering child pornography for download. He subpoenaed the records of Time Warner/Roadrunner and learned that the IP address belonged to the Defendant.

Detective Bell then obtained a search warrant for the Defendant's residence from a state district judge and found items of suspected child pornography. For his argument that the items found during the investigation should be suppressed, the Defendant relies on two Kentucky Court of Appeals decisions holding that Kentucky state statute KRS § 15.200 requires that a written request be made of the state Attorney General's office before it can participate in any investigation or criminal action. *Floyd Johnson v. Commonwealth,* No. 2010-CA-000607-MR, 2012 WL 162704, at *4 (Ky. App. Jan. 20, 2012); *Ronnie Johnson v Commonwealth*, No. 2010-CA-001867-MR, 2012 WL 2051961, at * 2 (Ky. App. 2012).

In those cases, the court further determined that, because the Attorney General had not been invited to participate in the investigation of the defendant, the Attorney General had no jurisdiction to conduct the investigation that led to the defendant's indictment on state drug charges. *Floyd Johnson,* 2012 WL 1627 04, at * 4; *Ronnie Johnson*, 2012 WL 2051961, at * 2. In each of those cases, the Kentucky Court of Appeals remanded the case to the trial court with instructions to assess whether the indictment should be dismissed. *Floyd Johnson*, 2012 WL 162704, at * 5; *Ronnie Johnson*, 2012 WL 2051961, at * 2.

In this case, the Defendant argues that the Attorney General was not invited in writing to participate in the investigation of him and, thus, the Attorney General had no jurisdiction under state law to conduct the investigation. He argues that the evidence seized during that unauthorized investigation should, therefore, be suppressed.

The problem with this argument, however, is that, "in federal court, [the exclusionary rule] only requires the court to exclude evidence seized in violation of the Federal Constitution." *United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994). Thus, "the appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment." *Id*. at 1437. "The fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended." *Id*. States can impose higher standards on searches and seizures than required by the Federal Constitution if they choose but those state standards are irrelevant in determining whether a search or seizure violates the Federal Constitution. *Virginia v. Moore*, 553 U.S. 164, 171 (2008).

The Defendant does not argue that the state Attorney General's office seized any evidence in violation of the Fourth Amendment. He argues only that the investigation violated state statutes.

Accordingly, the Court hereby ORDERS that the Motion to Suppress (DE 13) is DENIED. The Court further hereby ORDERS that this matter is set for a pretrial conference on **July 26, 2012 at 12:45 p.m.** and a jury trial on **August 6, 2012 at 9:00 a.m.**

Dated this 21st day of June, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge