UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 5:12-CR-006-KKC

UNITED STATES OF AMERICA,                                               PLAINTIFF

v.                          **OPINION AND ORDER**

JAMES JOHNATHAN ROGERS,                                               DEFENDANT.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Motion to Reconsider (DE 29) filed by the Defendant. With his motion, the Defendants asks the Court to reconsider his order denying his Motion to Suppress.

The Defendant is charged with receiving and possessing images of a minor engaging in sexually explicit conduct. In his Motion to Suppress, the Defendant argued that his indictment is based solely on an investigation conducted by the Kentucky Attorney General's office and that the Kentucky Attorney General's office was prohibited by Kentucky state statutes and Kentucky state case law from conducting that investigation. He argued that, because the state Attorney General had no jurisdiction to conduct the investigation, all of the evidence seized by the Kentucky Attorney General's office during its investigation of him must be suppressed.

In denying the motion to suppress, the Court explained that, "in federal court, [the exclusionary rule] only requires the court to exclude evidence seized in violation of the Federal Constitution." *United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994). Thus,

1

"the appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment." *Id*. at 1437. "The fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended." *Id*. States can impose higher standards on searches and seizures than required by the Federal Constitution if they choose but those state standards are irrelevant in determining whether a search or seizure violates the Federal Constitution. *Virginia v. Moore*, 553 U.S. 164, 171 (2008).

In its opinion, the Court stated that, because the Defendant did not argue that the state Attorney General's office seized any evidence in violation of the Fourth Amendment but argued only that the investigation violated state statutes, the motion had to be denied. With his motion to reconsider, the Defendant states that he actually did assert that the Attorney General's actions violated the Fourth Amendment. The problem, however, is that the Defendant argues that the Attorney General violated the Fourth Amendment solely because he conducted an investigation that violated Kentucky state statutes. The fact that the investigation may have violated Kentucky state statutes does not mean that it violated the Fourth Amendment. The Defendant has not argued that the investigation violated the Fourth Amendment in any other way.

Accordingly, the Motion to Reconsideration (DE 29) is DENIED.

Dated this 16th day of July, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge